O. G. Denson v. John McCasland.

No. 738.

Costs Wrongly Adjudged Against Successful Party.—Where the plaintiff recovers judgment for an amount that would not have been within the jurisdiction of the court, his demand having been reduced on the trial by counterclaim, and not by payment, it is error in the court, without cause therefor stated on the record, to adjudge against him the costs of the suit.

Appeal from the County Court of Young. Tried below before Hon. N. J. Timmons.

*C. W. Johnson, H. P. Lane,* and *J. W. Akin,* for appellant.—The court erred in adjudging costs against the plaintiff below. Watts v. Harding, 5 Texas, 387; Hall v. Hodge, 2 Texas, 330; Weatherred v. Mays, 1 Texas, 473; Cochran v. Kellum, 4 Texas, 120.

*P. A. Martin,* for appellee.—The court correctly adjudged the costs against plaintiff, under articles 1428 and 1434 of the Revised Statutes.

STEPHENS, Associate Justice.—This is the suit of a landlord against his tenant to recover rents and the value of supplies, etc., in the total sum of $362.65.

The crop was seized under a distress warrant and replevied by the tenant. In his answer he set up certain offsets, and also pleaded in reconvention for damages. The jury returned a verdict in favor of the landlord for $36.35, upon which the court entered judgment in favor of the landlord for that amount, but, without stating any reason for so doing, adjudged the costs against him. From this judgment O. G. Denson, the landlord, has appealed.

By the second assignment of errors, he complains of the judgment of the court, in that the costs of the suit were adjudged against him, and asks that on this ground the judgment be reversed and rendered.

Our conclusion is, that inasmuch as he was successful in the suit to the extent of the amount recovered, and as his demand was reduced to an amount which would not have been within the jurisdiction of the court,

by a counter-claim and not by payment, no payment even being alleged, that he should have recovered his costs.  Rev. Stats., art. 1421, 1428. It is true that article 1434 provides, that the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of the chapter.  The court does not seem to have proceeded under this article, as no reason is stated for adjudging the costs against appellant; and we see no good reason why the costs were not adjudged against appellee and the sureties on his replevy bond, as provided in article 3117.

There is another assignment, which calls in question the correctness of the court's ruling in excluding testimony, but if this assignment should be sustained, it would lead not only to a reversal of the judgment, but also to a remanding of the cause, which is requested by appellant only in the event he can not have the judgment reversed and rendered.

The judgment will therefore be reversed and here rendered for appellant against appellee and the sureties on his replevy bond for the amount recovered below, with costs.

*Reversed and rendered.*

Delivered January 31, 1893.